SCANNED

OCT 14 2005

c/o Pro-Se Unit Staff Attorney
Office of Court Clerk of United States
United States District Court, Maryland—
—District, Room #4415, Edward Garmatz Bldg.
101 West Lombard Street, Baltimore, MD
21201.

September 9, 2005

Re: Civil Action No.#
L-97-350 (U.S.)
Jones-vs.-Corcoran,
et AL., Fraud Claim.

Dear Pro-Se Unit Attorney:

The Above-referenced civilrights Action, Filed For $150.00 dollars "Filing Fee," plus 185.00 dollars to execute plaintiff's reply to the Motion For Summary Judgment of Correctional Medical Systems, Inc. (CMS, Inc.), I discovered recently, had been Fraudulently dismissed upon incorrect test standards of statutes of limitations.

The claim was a discrimination challenge to Maryland State's Felony Murder: practice, Policy, and Statutory Processes.

Page-Two. 9/9/05
CA-L-97-350 Jones-vs-Corcoran
et al., (Fraud Claim)

However, in biased deference to the summary judgment brief's assumption of the state of Maryland's Assistant Attorney General, this Court adopted the contention also, albeit erroneously, that the Plaintiff had merely been challenging his isolated "judgment" of conviction and sentence, and therefore, Judge Benson Everette Legg, with the Acquiesence of your office, had denied the 42 U.S.C., Section 1983 challenge without any hearing—impartial or otherwise Adequate— under due process of law and equal protection of the laws.

Consequently, the judgment has adversely impacted my First Admendment rights to: Free Speech, Free contract, and to Petition Government For redress of Grievances, under Due Process of Law.

Page-Three, 9/9/05, CA-L-97-350.

See the Following Authorities For the major premise of this proposition of constitutional law:

Cruz -vs- Beto, 405 U.S. 319, at 321 (1972),

Procunier -vs- Martinez, 416 U.S. 396, 422, & 428-429 (1974),

Thornhill -vs- Alabama, 310 U.S. 88, at 96-98 (1940),

Wooley -vs- Maynard, 430 U.S. 705, at 712 (1977),

Timmerman -vs- Brown, 528 F.2d 811, at 814-815 (4th Cir. 1975),

McCray -vs- Maryland, 456 F.2d 1, at 6 (4th Cir. 1972),

Edwards -vs- Duncan, 355 F.2d 993, at 995 (4th Cir. 1966),

Milliken -vs- Bradley, 433 U.S. 267, at 209 (1977),

Adkins -vs- Childrens Hospital of District of Columbia, 261 U.S. 525, at 544 (1923),

Ochoa -vs- Hernandez, 230 U.S. 139, at 154 (1913).

Moreover, the Supreme Court of United States had recognized explicitly in Havens Realty Corporation-vs-Sylvia Coleman, 455 U.S. 363, at 380-381 n.8 (1982) that "A continuing pattern, practice, and policy" of unlawful discrimination which deprived the respondents of their rights to association" is without the reason of statutes of limitations. Id. at 380, n.8

In Dowd-vs-United States ex rel. Cook, 340 U.S. 206, at 209 (1951) the Supreme Court of United States recognize that an Appellate Court "judgment, barring a state prison-inmate's Access to Full judicial relief on Appeal of right, because of state government impairment, was an inadequate, discriminatory state-remedy. Id. at 209.

Such is the situation here where the state Felony Murder custom impairs my First and Fourteenth Amendment rights.

Page-Five., 9/9/05., CA-L-97-350
 See: In re Medley, 134 U.S. 160, 169-173 (1890)., Herndon-vs.-Sheriff, Lowry, 301 U.S. 242, at 261-264 (1937)., Skinner-vs.-Oklahoma ex rel. Williamson, 316 U.S. 535, at 541 (1942) (discriminatory authorized statutory deprivation of association with offspring of state prison recidivist)., Trop-vs.-Dulles, 356 U.S. 86, 100-102 (1958), Kennedy-vs.-Mendoza-Martinez, 372 U.S. 144, 159-160, n.10, & 168-169 (1963), Wooley-vs.-Maynard, 430 U.S. 705, 711-712 (1977)., Abbott Laboratories-vs.-Gardner, 387 U.S. 136, at 149-154 (1967).
 18 U.S.C., Sections: 241-242., 1583-1584

 For said reasons, I would like CA-L-350-97, or CA-L-97-350, Jones-vs.-Corcoran, et al. re-opened and/or my money immediately refunded! Thank you!
                Respectfully
                Mr. Nicholas W. Jones.,
                ID No# 171785.
 *Mr. Nicholas W. Jones*